UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDGEWATER TECHNICAL ASSOCIATES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADANTA, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:20-CV-403-TAV-DCP <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Orders [Docs. 21, 29] of referral by the District Judge.

Now before the Court is Plaintiff's Application for Default Judgment [Doc. 17] and Defendant's Motion to Set Aside Entry of Default and/or Response to Plaintiff's Application for Default Judgment ("Motion to Set Aside") [Doc. 19]. The Court has considered the filings and **RECOMMENDS** that the Application for Default Judgment [**Doc. 17**] be **DENIED** and that the Motion to Set Aside [**Doc. 19**] be **GRANTED**.

**I.     BACKGROUND**

The instant lawsuit is a breach of contract case. [Doc. 1]. Plaintiff is a New Mexico limited liability company with its principal place of business in Oak Ridge, Tennessee. [*Id.* at ¶ 1]. Defendant is a California corporation. [*Id.* at ¶ 2]. Specifically, the Complaint alleges that the parties entered into a contract, where Plaintiff performed certain work for Defendant and Defendant's clients pursuant to individual work orders. [*Id.* at ¶ 4]. Plaintiff billed Defendant from July 16, 2019, through March 30, 2020. [*Id.*]. Defendant paid the invoices from July 16, 2019, through August 25, 2019. [*Id.* at ¶ 5]. In addition, Defendant partially paid the invoice dated

September 29, 2019. [*Id.*]. The Complaint alleges that Defendant has not paid all subsequent invoices. [*Id.*]. The Complaint alleges that Defendant owes Plaintiff $94,790.00 as a result of the unpaid invoices. [*Id.* at ¶ 6]. The Complaint also requests attorney's fees, costs, and prejudgment interest. [*Id.* at 2].

On May 13, 2021, Plaintiff requested entry of default [Doc. 15] given that Defendant had not responded to the Complaint within the time permitted under the Federal Rules of Civil Procedure. The Clerk entered a default [Doc. 16] against Defendant on June 2, 2021. Plaintiff filed the Application for Default Judgment [Doc. 17] on June 8, 2021. Approximately a month later, on July 13, 2021, Defendant filed the instant Motion [Doc. 19], requesting that Plaintiff's Application for Default Judgment be denied and that the entry of default be set aside.

For grounds, Defendant argues that it has established good cause to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55. Defendant argues that Plaintiff will not be prejudiced by reopening the case, it has meritorious defenses to Plaintiff's breach of contract claim, and there was no culpable conduct on the part of Defendant leading to the default. Defendant states that its meritorious defenses include the following: (1) Plaintiff did not properly serve Defendant, (2) personal jurisdiction does not exist over Defendant, (3) improper venue, and (4) Plaintiff failed to comply with condition precedent terms to the contract. Defendant states that even if the Court found that it evaded service, which it denies, it has established good cause to set aside the default.

In support of its position, Defendant has filed the Declaration of Kimberly Patz ("Patz") [Doc. 20-1], its President. Patz explains that she was never personally served with the Summons and Complaint in this case. [Doc. 20-1 at ¶ 3]. Patz states that the house where the process server left the documents, 80 Portofino Way, Napa, California, 94558 is not her home address, but the

address of her relatives. [*Id.* at ¶ 4]. Patz understands that the Summons and Complaint were left on the front porch of that house. [*Id.*].

Patz further states that the parties' dispute relates to a subcontract ("Subcontract") that was not negotiated or executed by the parties in Tennessee. [*Id.* at ¶ 10]. Patz states that none of the work or services set forth in the Subcontract occurred in the State of Tennessee, but instead, were performed in New Mexico. [*Id.* at ¶ 11]. Patz states that Defendant does not have any business activities in Tennessee, and there were no activities arising from the Subcontract that occurred in Tennessee. [*Id.* at ¶ 12]. Further, Patz states that substantial parts of the events giving rise to Plaintiff's alleged breach of contract claim occurred in Los Alamos, New Mexico. [*Id.* at ¶ 20].

Plaintiff responds [Doc. 25] that Defendant has not established good cause to set aside the entry of default. Plaintiff states that should the Court find that Defendant was validity served with process, such would result in a finding that Defendant was culpable and that Plaintiff would suffer prejudice if the default were set aside. Plaintiff concedes that Defendant has raised meritorious defenses to the lawsuit given the low bar at this stage to establish such defenses. Plaintiff argues that whether Defendant is culpable will be the ultimate determinative factor on the Motion to Set Aside. Plaintiff argues that, in the event the Court grants Defendant's Motion to Set Aside, monetary sanctions are appropriate.

In support of its position, Plaintiff has filed the Declaration of Michael B. English [Doc. 26-1], its process server. In his Declaration, English explains his attempts to serve Defendant. [*Id.*]. English further states as follows:

> 7. On April 16, 2021, I went to the address of 80 Portofino Way, Napa, California 94558, and knocked on the door. At that time, a female came to the window next to the door and I advised her that I was there to serve Kimberly Patz on behalf of Adanta, Inc. I saw and spoke with her through the window. I could hear her clearly, she could hear me clearly, and she responded to me when I spoke to her.

3

> I got a clear look at her face and body through the window. She appeared to be Caucasian, roughly 5'6 or 5'7, plump but not fat, with pale skin and long, straight hair swept back into a ponytail, in her mid-40s. I have been provided with a photograph of an individual with the representation that her photograph shows Kimberly Patz. A copy of the photograph I was provided is attached hereto as Exhibit A. It has been a number of months since I served process on the person who I believe was Kimberly Patz so I do not have a clear memory of her physical appearance. I wrote down in my notes a physical description of the individual, however. The woman in the photograph fits the description that I wrote down in my notes.
>
> 8. When I advised the woman that I was there to serve Kimberly Patz, she did not respond with any statement denying that she was Kimberly Patz or denying any knowledge of Adanta, Inc. Instead, the female stated that "this is not a company, this is a home address." I informed the female that I attempted to serve her at the business address but that her business had moved out. The female did not state any other objection to service, but, in fact, started retreating into the house as I was informing her that I was leaving the service package on the front porch for her.
>
> 9. The female refused to accept the Summons and Complaint to I left them on the front porch of the residence.

[Doc. 26-1 at ¶¶ 7-9].

**II.    ANALYSIS**

The Court has considered the parties' filings in this case, and accordingly, for the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Application for Default Judgment [**Doc. 17**] be **DENIED** and Defendant's Motion to Set Aside [**Doc. 19**] be **GRANTED**.

Rule 55 governs motions to set aside entries of default. Specifically, Rule 55(c) provides, "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)))." Although Plaintiff has filed an Application for Default Judgment [**Doc. 17**], the Application is opposed, and a default judgment has not been entered. Given the current procedure posture, the Court finds that the good cause standard in Rule 55(c) is applicable.

4

*See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (explaining that a default judgment means that the "court has determined damages and a judgment has been entered") (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). In considering whether good cause exists to set an entry of default aside, the Court must consider three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983).

Before the Court turns to the applicable factors, the undersigned acknowledges that there are two material issues that emerge from the parties' filings: (1) whether Defendant was properly served, and (2) whether the Court has personal jurisdiction over Defendant in this case. Both issues relate to whether Defendant can be subjected to the jurisdiction of the Court, "[a]nd in the absence of personal jurisdiction, a federal court is "powerless to proceed to an adjudication." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999) (internal quotation marks omitted); *see also Zuffa, LLC v. Black Diamond, Inc.*, No. 2:10-CV-2844, 2011 WL 6217143, at *2 (W.D. Tenn. Dec. 14, 2011) ("Courts are obligated to consider subject-matter and personal jurisdiction . . . before entering default judgment.").

Here, the Court has serious concerns that Defendant is not subject to the general or specific jurisdiction of the Court. "A court's default judgment is invalid unless it has proper jurisdiction. *Id.* "The plaintiff bears the burden of establishing personal jurisdiction." *McCoy v. Ranch*, No. 1:19-CV-126, 2021 WL 3187830, at *2 (S.D. Ohio July 28, 2021) (citing *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989)).

The Court has reviewed the Complaint, and it does not provide any allegations that would support exercising personal jurisdiction over Defendant. In addition, according to Patz's

5

Declaration, the dispute arises out of an environmental project located in New Mexico. [Doc. 20-1 at ¶ 6]. The Subcontract states that it is "Between Adanta, Inc. with offices at 1801 Oak St., #100, Napa, CA 94559, And Edgewater Tech, with offices at 104 Central Park Square, Los Alamons, NM 87544 (SUBCONTRACTOR)." [Doc. 20-2]. Patz submits that the Subcontract was not negotiated or executed in Tennessee, none of the services were rendered in Tennessee, and Defendant does not have any business activities in Tennessee. [Doc. 20-1 at ¶¶ 10-12]. Patz further claims that Defendant "does not have assets, real property, personal property, maintain any bank or other accounts, maintain regular business activities, paid taxes, maintain employees, or has it been otherwise haled into court in the State of Tennessee." [*Id.* at ¶ 13]. At this time, in light of Patz's Declaration, the Court finds that exercising personal jurisdiction over Defendant is questionable.

Plaintiff asserts that the evidence will show that Defendant had a business office in Oak Ridge, Tennessee, at the time of the execution of the Subcontract, and which was closed prior to filing suit, and that Defendant mailed a payment to Plaintiff in Tennessee pursuant to the Subcontract. Plaintiff, however, has not offered any evidence establishing these facts to be true, and even if these facts are true, it is not clear whether such limited contacts would support exercising personal jurisdiction over Defendant.

Turning back to the factors in considering whether Defendant has established good cause to set aside the entry of default, the Court finds that the factors weigh in Defendant's favor. First, with respect to prejudice, courts have explained that the "prejudice inquiry focuses on 'the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from defendant's conduct.'" *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2019 WL 5086128, at *2 (N.D. Ohio Oct. 10, 2019) (quoting *Dassault*, 663 F.3d at 842). For instance, a delay in the

proceedings will not be considered prejudicial unless it results "in the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion. *Id.* (quoting *Dessault*, 663 F.3d at 842) (other quotations omitted).

Plaintiff states Defendant's culpable conduct in evading service is prejudicial to Plaintiff, but the Court finds whether Plaintiff will be prejudiced is a separate factor that should not be subsumed by the culpability factor. Plaintiff also states that Defendant has shuttered one of its business locations in Oak Ridge, Tennessee, and that Defendant claims that it has not received payments from its client as a basis for not paying Plaintiff. Plaintiff asserts that Defendant appears to be going out of business and that the record shows that it had significant difficulty serving Defendant. Plaintiff argues that under these circumstances, evidence could become unavailable and assets that could ultimately satisfy the judgment may be dissipated. Plaintiff, however, has not offered any facts showing that Defendant is going out of business. While Plaintiff has had difficulty with service, the Court does not find that the previous service issues equate to a finding that Plaintiff will be prejudiced by adjudicating this case on the merits. Accordingly, the Court finds this factor weighs in Defendant's favor.

The Court has also weighed whether Defendant has shown a meritorious defense and Defendant's culpable conduct. With respect to the latter factor, Plaintiff states that its process server properly served Katz, while Defendant denies that Katz was served. The Court cannot reach a conclusion as to whether Defendant evaded service based on the conflicting declarations. The Court has considered conducting an evidentiary hearing to resolve the issue; however, the Court finds the second factor (*i.e.*, meritorious defenses) weighs strongly in Defendant's favor. The Sixth Circuit has explained, "A defense is meritorious if it is good at law." *Dassault Systemes*, 663 F.3d at 843 (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010))

7

Case 3:20-cv-00403-TAV-DCP Document 35 Filed 01/20/22 Page 7 of 9 PageID #: 200

(internal quotation marks omitted).  Defendant "does not need to demonstrate that the defense is likely to succeed on the merits.  Rather, the inquiry is whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Hernandez,* 2019 WL 5086128, at *3 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326) (other quotations omitted).  "[C]onclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843.

As summarized above, the Court has serious concerns that Defendant is not subject to suit in Tennessee, and Defendant has set forth facts supporting this conclusion.  Accordingly, after having reviewed these factors, the Court recommends that the default judgment not be entered, and that the entry of default be set aside.  *See Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990) (setting aside the default even though defendant willfully evaded service given that the other factors weighed in defendant's favor).

The Court, however, has also considered Plaintiff's alternative request—that is, costs be taxed against Defendant for evading service.  The Court finds costs would be appropriate if the Defendant is subject to the jurisdiction of this Court and if the undersigned determines Defendant has evaded service.  Accordingly, the Court will contact the parties to set a status conference to address these issues.

### III. CONCLUSION

Accordingly, for the reasons explained above, the Court **RECOMMENDS**[1] that Plaintiff's Application for Default Judgment [**Doc. 17**] be **DENIED** and that Defendant's Motion to Set Aside Entry of Default and/or Response to Plaintiff's Application for Default Judgment [**Doc. 19**] be **GRANTED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).